# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| ALMA CABRERA, individually and as Special Administrator of the Estate of VANESSA ANGELICA PALOMINO, a minor, deceased, | ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 01 C 6172 |
| ADVOCATE HEALTH AND HOSPITALS CORP., ET AL., | ) ) ) ) | |
| Defendants. | ) | |

## **MEMORANDUM OPINION**

The law firm of Manchik & Romaker, the attorneys for plaintiff in this case, filed a petition on January 10, 2005 requesting approval of a proposed final distribution of the proceeds in this case. Paragraph seven of the petition sought approval of $16,141.88 in costs, which included the sum of $4,318.42 for "investigations." At a hearing on the petition, the court requested an explanation of this item and expressed doubt as to its propriety. Counsel offered to explain the item, and, for that purpose, filed a "Supplemental Petition to Approve Final Distribution" on January 13, 2005. The Supplemental Petition explains that the $4,318.42 item was in fact the cost of "legal research through the 'Westlaw' computer assisted database online."

The individual Westlaw charges, totaling $4,318.42, are listed in paragraph one of the Supplemental Petition.

In paragraph three of the Supplemental Petition, counsel cite three Seventh Circuit cases holding that the costs of computer-assisted legal research are properly awarded in addition to attorney's fees.  Each of these cases involved a lodestar fee award, computed according to the time spent by the attorneys.  The instant case, of course, involves a fee based not on time, but on a percentage of the amount recovered.  We think it unlikely that in researching the matter, as they obviously did, Manchik & Romaker would not have found the later Seventh Circuit case of <u>Montgomery v. Aetna Plywood, Inc.</u>, 231 F.3d 399, 409-10 (7th Cir. 2000), which held that in a percentage fee case the cost of computer-assisted legal research is not separately recoverable as an expense.  To say that we are disappointed in counsels' failure to cite this case is an understatement.

We were surprised to learn from the Supplemental Petition that the "investigations" for which counsel sought reimbursement were in fact computer-assisted legal research.  It is common for fee petitions to list computer-assisted legal research, but we have never before seen it described as anything but that.  Calling it "investigations" could easily be regarded as an attempt to deceive, especially in the circumstances we have described.

**<u>Conclusion</u>**

The sum of $4,318.42 sought by the firm of Manchik & Romaker for "investigations" or "computer assisted legal research," is <u>disallowed</u>.  The Petition to Approve Final Distribution is otherwise approved, less the $4,318.42.

DATED:    January 26, 2005

ENTER:    _____
          John F. Grady, United States District Judge